UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

BENNETT LEE RAYBURN                                                    PLAINTIFF

v.                                     CIVIL ACTION NO. 4:15-CV-P91-JHM

JOE BLUE (JAILER) *et al*.                                           DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

     This is a *pro se* civil rights action brought by convicted prisoner Bennett Lee Rayburn pursuant to 42 U.S.C. § 1983.  The Court has granted Plaintiff leave to proceed *in forma pauperis*.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007).  For the reasons set forth below, the action will be dismissed in part and allowed to continue in part, and the Court will allow Plaintiff to amend his claims.

## I.     FACTUAL ALLEGATIONS

     In his Complaint (DN 1), Plaintiff, who is currently incarcerated in the Grayson County Detention Center, makes allegations regarding his confinement at Hopkins County (Kentucky) Detention Center (HCDC).  He brings suit against four Defendants – Joe Blue, the HCDC Jailer (Defendant Blue); Chris Eubanks, the HCDC Medical Supervisor (Defendant Eubanks); Officer (Unknown) Harless, HCDC Guard (Defendant Harless); and Robert James, the Madisonville (Kentucky) Sanitation Department Supervisor (Defendant James).   He has sued Defendants Blue and James in both their official and individual capacities and Defendants Eubanks and Harless in their official capacities only.

     Plaintiff first alleges that when he was housed at HCDC, he worked for the Madisonville Sanitation Department under hazardous working conditions.  He alleges that these conditions

included "almost being ran over by speeding forklifts and almost being ran over by heavy equipment and garbage trucks," cleaning debris from inside the chute of an activated trash compactor, and sorting trash that contained used syringes. He alleges that he notified HCDC staff on several occasions about these working conditions.

Plaintiff further alleges that while working on November 25, 2014, an inmate was caught smoking inside one of the work crew's porta-potties. He alleges that Defendant James, the Sanitation Department Supervisor, then told a group of inmates to tell him if they had to "use the potty" so that he could "come hold our dicks for us."

Plaintiff next alleges that while working on December 2, 2014, he was poked in the finger by a dirty syringe while sorting recyclables. He states that an unnamed "sanitation supervisor" poured alcohol on his finger and told him that a report would be filed and that the HCDC medical staff would see him upon his arrival there. He next alleges that, when he arrived at HCDC, he asked to see the medical staff and was told to submit a sick call form. He alleges that was he was not given a sick call form until December 6, 2014, which he promptly completed on such date. He then alleges that Defendant Harless picked up his completed sick call form, "filled it out," and then brought it back to him twenty minutes later and scratched her name out. Plaintiff indicates that as a result of this action, he was never seen by HCDC medical staff for his syringe injury. He alleges that he then filed a grievance related to this action on December 6, 2014, and that the grievance officer responded by stating that he had "no knowledge of a work injury." Plaintiff states that since that time he has repeatedly requested to be tested for HIV and hepatitis and that the HCDC medical staff have only ignored him.

Finally, Plaintiff alleges that he filed a grievance on February 11, 2015, because HCDC "had no law books or inmate legal aides to help indigent inmates or inmates that can't afford

2

paid attorneys to do legal work." He alleges that the hearing officer responded that "your rights are not being violated." He further alleges that he then filed a grievance appeal regarding this issue and that the appellate hearing officer responded by telling him that his rights were not being violated because he could access the court system by sending and receiving letters and documents.

Plaintiff concludes his Complaint by stating that he is making claims for inadequate medical attention; placement in a hazardous work environment; the making of unwanted sexual comments by his work supervisor; and a failure to provide him law books to help in the filing of this lawsuit. Plaintiff seeks monetary and punitive damages. He also seeks injunctive relief – specifically that a trust be established to pay any future medical fees resulting from his contraction of hepatitis or HIV. He is no longer incarcerated at HCDC, so HCDC can no longer provide him with testing.

## II.   STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc.* v. *Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

#### A.  42 U.S.C. Section 1983

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th

Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Absent either element, a § 1983 claim will not lie.  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### 1.  Eighth Amendment Violations

The Eighth Amendment protects convicted prisoners from the "unnecessary and wanton infliction of pain."  An Eighth Amendment claim has two components, one objective, one subjective.  First, the alleged deprivation must be, objectively, "sufficiently serious," *i.e.*, the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities," *Farmer v. Brennan*, 511 U.S. 825, 834, (1970) (citations and internal quotation marks omitted).  Second, the official must have been "deliberately indifferent" to the inmate's health or safety.  *Id.*

### a.  Deliberate Indifference to a Serious Medical Need

As set forth above, Plaintiff alleges that he was poked in his finger by a used syringe on December 2, 2014, while he was sorting recyclables for the Madisonville Sanitation Department.  He further alleges that at the time he was treated on-site by the "sanitation supervisor" with rubbing alcohol and that he was told that he would be seen by HCDC medical staff when he returned there.  Plaintiff alleges that he completed a written request for medical attention on December 6, 2014, but that Defendant Harless, a guard at HCDC, took his written request and then returned it to him approximately 20 minutes later.  Finally, Plaintiff alleges that he has made repeated requests to be seen by medical staff since that date, including filing a grievance for

such, so that he could be screened for HIV and hepatitis, but that his requests have been ignored and his grievance denied.

Based on these allegations and related information in the Complaint, the Court is construing Plaintiff's Complaint as alleging Eighth Amendment claims against Defendants Blue and James in their official and individual capacities and against Defendants Eubanks and Harless, in their official capacities only, for deliberate indifference to a serious medical need.

### i. Official-Capacity Claims

"Official-capacity suits . . . 'generally represent another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55, (1978)). Plaintiff's official-capacity claims against the Defendants are actually against Hopkins County and the City of Madisonville. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and

thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138, (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80, (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

In the instant case, the Court finds that Plaintiff has failed to identify a custom or policy that was the moving force behind the inattention to his potentially serious medical need. To the contrary, Plaintiff actually states that Defendants "refused to abide by their medical policies" in regard to medical emergencies. As such, the Court holds that the Complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim.

### ii.   Individual-Capacity Claims

To the extent that Plaintiff seeks to hold Defendant Blue, as the HCDC Jailer, liable in his individual capacity for deliberate indifference to a serious medical need, the Court will dismiss such because Plaintiff has not alleged that he directly participated in the events related to this claim. In so finding, the Court notes that the doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability to supervisors. *Monell,* 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). "[L]iability of supervisory personnel must be based on more than

7

merely the right to control employees." *Hays*, 668 F.2d at 872.  "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

It also appears that Plaintiff seeks to hold Defendant James liable in his individual capacity for deliberate indifference to a serious medical need.  Plaintiff, however, does not specifically mention Defendant James in the allegations section of his Complaint.  For purposes of this opinion, the Court assumes that Defendant James is the unnamed "sanitation supervisor" whom Plaintiff describes as pouring rubbing alcohol on his wound and assuring him that a report would be filed related to his injury and that HCDC medical staff would see him upon his arrival. Based on these allegations, the Court will allow the individual-capacity claim for deliberate indifference to a serious medical need to go forward against Defendant James at this time.

Finally, the Court notes that although Plaintiff may have stated an Eighth Amendment claim against Defendant Harless for deliberate indifference to a serious medical need, he failed to sue her in her individual capacity.   The Court also notes that although Plaintiff alleges that he repeatedly requested to be seen by HCDC medical staff, he failed to identify the individuals to whom he made these requests and notifications and likewise failed to name them as defendants in this action or to sue them in their individual capacities.  The Court will allow Plaintiff to amend his Complaint to sue Defendant Harless in her individual capacity and to sue any other individuals in their individual capacities who failed to act upon his request for medical care.  If

Plaintiff does not amend his Complaint to sue Defendant Harless in her individual capacity, then all claims against Defendant Harless will be dismissed.[1]

### b. Deliberate Indifference to Safety – Hazardous Working Conditions

In his Complaint, Plaintiff also alleges that he was placed in a dangerous work environment and that he repeatedly notified HCDC staff about these conditions.  He further alleges that no HCDC official took action as a result of his repeated warnings and that, as a result, he was nearly seriously injured at work on several occasions and actually injured on one - when he was poked by a used syringe while he was sorting trash.  Based on these allegations and related information in the Complaint, the Court is construing Plaintiff's Complaint as alleging Eighth Amendment claims against Defendants Blue and James in their official and individual capacities for placing him in hazardous working conditions.

Although the Sixth Circuit has not addressed claims related to the hazardous working conditions of inmates, other circuits have held that the Eighth Amendment is implicated when prisoners are forced to perform physical labor which is "beyond their strength, endangers their lives, or causes undue pain."  *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983); *see also Middlebrook v. Tennessee*, 2008 U.S. Dist. LEXIS 37680, *33 (W.D. Tenn. 2008) (citing *Morgan v. Morgenson*, 465 F.3d 1041, 1045 (9th Cir. 2006)).

The Court will allow the official and individual-capacity claims against Defendants Blue and James for placing him in hazardous working conditions to go forward at this time.  The

---

[1] Under Federal Rule Civil Procedure Rule 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it" and, "[i]n all other cases, . . . [t]he court should freely give leave [to amend] when justice so requires."  *See, e.g., LaFountain v. Harry*, 716 F.3d 944,  951 (6th Cir. 2013).  In accordance with Rule 15(a), the Court will allow Plaintiff to amend his Complaint to make the changes mentioned by the Court in this opinion.

Court will also allow Plaintiff to amend his Complaint to sue any other individuals in their individual capacities whom he notified about the hazardous working conditions.

### c.  Deliberate Indifference to Safety – Sexual Harassment

In his Complaint, Plaintiff also alleges that he was subjected to an unwanted sexual comment by Defendant James, the Madisonville Sanitation Department Supervisor.  The Court construes this claim as an Eighth Amendment claim for deliberate indifference to Plaintiff's safety.   Circuit courts, however, have consistently held that acts of verbal sexual harassment, standing alone, are insufficient to state a claim under the Eighth Amendment. *See, e.g., Morales v. Makalm*, 278 F.3d 126, 132 (2nd Cir. 2002); *Zander v. McGinnis*, No. 97-1484, 1998 U.S. App. LEXIS 13533, 1998 WL 384625, at *2 (6th Cir. June 19, 1998) (verbal abuse of mouthing "pet names" at prisoner for ten months failed to state an Eighth Amendment claim); *Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 U.S. App. LEXIS 1716, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) (magistrate judge correctly held that verbal abuse in the form of offensive remarks regarding a transsexual prisoner's bodily appearance, transsexualism, and presumed sexual preference cannot state an Eighth Amendment claim).  Thus, because Plaintiff's allegations do not establish a constitutional violation, the Court will dismiss his claim(s) for sexual harassment.

### 2.  First Amendment Violation

### a.  Failure to Provide Access to Legal Resources

Plaintiff next alleges that HCDC has failed to provide him with "law books" or "legal aides" to help in the filing of this action.

An inmate who claims his access to the courts was denied *merely* because he was denied access to the prison library, or certain books, fails to state a claim. *Walker v. Mintzes*, 771 F.2d

920, 932 (6th Cir. 1985).  Rather, the inmate "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a [non-frivolous] legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  In other words, a plaintiff must demonstrate an actual injury.  *Id.*  He must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Lewis*, 518 U.S. at 356 (advising that no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented").

Here, Plaintiff fails to show any actual injury in his requests for copies and books being ignored.  Moreover, Plaintiff's complaint is before the Court on initial review pursuant to 28 U.S.C. § 1915A.  Therefore, there is no action that Plaintiff needs to take until the Court enters an order informing the parties of what steps, if any, must be taken.  For these reasons, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### 3.  Fourteenth Amendment Violations

In his Complaint, Plaintiff also states that he is bringing claims for "discrimination" and "equal protection."  In order to state a claim under the Equal Protection Clause of the Fourteenth Amendment pursuant to § 1983, a plaintiff claiming discrimination must ordinarily allege that a state actor intentionally discriminated against him because of his membership in a protected class.  *See Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990).  It is also possible for a plaintiff to proceed as a "class of one." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam).  In order to establish a cause of action under the Equal Protection Clause based on a "class of one," Plaintiff must demonstrate "'that [ h]e has been intentionally treated

differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Franks v. Rubitschun*, 312 F. App'x 764, 766 (6th Cir. 2009) (internal citation omitted).

Plaintiff's complaint does neither. Instead, he asserts "discrimination" with no mention of a membership in a protected class or any assertion that similarly-situated people were treated differently. Thus, Plaintiff has failed to state a claim of a violation under the Equal Protection Clause.

### B. State-Law Claims

To the extent that Plaintiff has alleged state law claims under Ky. Rev. Stat. § 441.125, the Court will allow them to go forward against all Defendants.

## IV.   ORDER

For the foregoing reasons,

**IT IS ORDERED** that the official-capacity claims against all Defendants and the individual-capacity claims against Defendant Blue for deliberate indifference to a serious medical need be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Plaintiff's claims for sexual harassment, failure to provide legal resources, discrimination, and equal protection, in relation to all applicable Defendants, be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's § 1983 individual-capacity claims against Defendant James for deliberate indifference to a serious medical need and his official and individual-capacity claims against Defendants Blue and James for placing him in hazardous

working conditions and the state-law claims against all Defendants **shall continue** beyond initial review.  The Court will not direct service on Defendants until after it reviews any amended complaint Plaintiff may file.

 **IT IS FURTHER ORDERED** that within **30 days** from entry of this Memorandum Opinion and Order, Plaintiff may amend his Complaint to 1) name Defendant Harless in her individual capacity; and 2) name as Defendants in their individual capacities any other individuals who ignored his requests for medical treatment or warnings about hazardous working conditions and provide details surrounding the claims against them; and 4) allege any other facts related to his original claims. The **Clerk of Court is DIRECTED** to write the instant case number and "Amended" on a § 1983 complaint form and send it, along with six blank summons forms, to Plaintiff for his completion should he choose to file an amended complaint.  **Plaintiff is WARNED that his failure to file an amended complaint within 30 days will result in dismissal of all claims except the continuing § 1983 claims against Defendants Blue and James and continuing state-law claims against all Defendants.**

Date:  December 8, 2015

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
  Defendants
  Hopkins County Attorney
  Madisonville City Attorney
4414.011