# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**BENNETT LEE RAYBURN**                                                                             **PLAINTIFF**

v.                                                     **CIVIL ACTION NO. 4:15-CV-P91-JHM**

**JOE BLUE (JAILER)** *et al.*                                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by convicted prisoner Bennett Lee Rayburn pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court for screening of Plaintiff's amended complaint (DN 10) pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and allowed to continue in part.

## I. PROCEDURAL HISTORY

Plaintiff filed his initial complaint on July 13, 2015. In that complaint, Plaintiff made claims against several Defendants. The Court conducted an initial review of Plaintiff's complaint in accordance with § 1915A and *McGore v. Wrigglesworth* and entered a Memorandum Opinion and Order concerning such on December 8, 2015 (DN 9). In this Memorandum Opinion and Order, the Court dismissed most of Plaintiff's claims but allowed his claims of deliberate indifference to a serious medical need and deliberate indifference to safety to proceed against certain Defendants in their individual capacities.[1] The Court also permitted Plaintiff to file an amended complaint so that he could name other Defendants in their individual capacities who had either ignored his requests for medical treatment or his warnings about the

---

[1] More specifically, the Court allowed Plaintiff's claim of deliberate indifference to a serious medical need to proceed against Defendant James in his individual capacity and his claim of deliberate indifference to safety (hazardous working conditions) to proceed against Defendants Blue and James.

allegedly hazardous working conditions at the Madisonville Sanitation Department. It is this amended complaint which is now before the Court for review.

## II. SUMMARY OF AMENDED COMPLAINT

In his amended complaint, Plaintiff brings claims against six additional Defendants in their individual capacities – "Nurse Jodi, Ofc. Harless, Sgt. Hopper, Sgt. Coy, Sgt. Butler, and Capt. Lewis," whom Plaintiff believes are employees of the Hopkins County Detention Center (HCDC). Plaintiff seeks monetary and punitive damages against these Defendants. He also seeks injunctive relief – specifically that a trust be established to pay medical fees in the event that he has contracted hepatitis or HIV from his syringe injury. Plaintiff is no longer incarcerated at HCDC, so HCDC can longer provide him with testing for any communicable disease he may have contracted as a result of his syringe injury.

Plaintiff again alleges that while he was housed at HCDC, he worked "community service" at the Madisonville Sanitation Department. He states that on December 2, 2015, he was "poked by an uncapped syringe while sorting trash," and that, as a result, he had "5 puncture wounds" on his left finger. Plaintiff alleges that Defendant Robert James, the sanitation supervisor, poured rubbing alcohol over his puncture wounds and informed Plaintiff that an incident report would be filed and that medical staff would see him when he returned to the jail. He states that upon his arrival to the jail, he asked to see medical staff, but that Defendant Butler told him to fill out a sick call form that Defendant Butler would get for him. Plaintiff alleges that he never received this form, "even after asking for one numerous times." He then alleges that on December 6, 2014, Defendant Harless brought him a sick call form which he filled out. However, he states that when Defendant Harless picked up the form from him, she filled it out, but then returned the form to him and scratched out the section of the form that she had

2

completed.  Plaintiff states that on that same date, he filed a grievance regarding HCDC's medical staff's failure to see him for the syringe injury and that Defendant Lewis responded to his grievance in writing on December 12, 2014, by stating: "You no longer work for that supervisor or at that site.  I have no knowledge of a work injury.  Medical can assist you with those issues."  Finally, Plaintiff alleges that he also spoke to Defendants Butler, Hopper, Coy, Lewis, and "Nurse Jodi" regarding his syringe injury and "the fact that [he] was trying to get lab tests done to insure [he] didn't contract anything."  He states that they all told him to submit a medical request form but that they would not give him one.  He further alleges that although he ultimately submitted numerous medical request forms, one was returned to him, and he received no response regarding the others.  He also states that these same Defendants refused to help him receive medical care even after he filed the requisite forms.

In his amended complaint, Plaintiff also alleges that he "talked to [Defendant Butler] numerous times about the allegedly hazardous conditions inmates were being placed in while working at the Sanitation Dept."  According to Plaintiff, Defendant Butler told him that he would "discuss the situation" with Defendant Lewis.

### III. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review his amended complaint under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV. ANALYSIS

### A.  42 U.S.C. Section 1983

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere.  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Absent either element, a § 1983 claim will not lie.  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### 1.  Eighth Amendment Violations

##### a.  Deliberate Indifference to a Serious Medical Need

In his amended complaint, Plaintiff alleges that he notified Defendants Butler, Harless, Hopper, Coy, Lewis, and "Nurse Jodi" of his syringe injury and requested assistance from them in receiving medical care for his syringe injury but that they refused to help him.

To satisfy the objective component of an Eighth Amendment deliberate indifference claim, Plaintiff must show the existence of a sufficiently serious medical need.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cty.,* 390 F.3d 890, 897 (6th Cir. 2004)).

The subjective component is met "where a plaintiff demonstrates that prison officials acted with 'deliberate indifference' to a serious medical need," which "is the equivalent of 'recklessly disregarding that risk.'"  *McCarthy v. Place*, 313 F. App'x 810, 814 (6th Cir. 2008)

(quoting *Farmer*, 511 U.S. at 836). In other words, "[s]atisfying the objective component ensures that the alleged deprivation is sufficiently severe, while satisfying the subjective component 'ensures that the defendant prison official acted with a sufficiently culpable state of mind.'" *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013) (quoting *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003)).

Based on Plaintiff's allegations, the Court will allow Plaintiff's claims of deliberate indifference to a serious medical need to proceed against Defendants Butler, Harless, Hopper, Coy, Lewis, and "Nurse Jodi" in their individual capacities.[2]

### b. Deliberate Indifference to Safety – Hazardous Working Conditions

In his complaint and amended complaint, Plaintiff also alleges that he was placed in a dangerous work environment at the Madisonville Sanitation Department and that he notified HCDC staff about these conditions. He further alleges that no HCDC official took action as a result of his warnings and that, as a result, he was nearly seriously injured at work on several occasions and actually injured on one - when he was poked by a used syringe while he was sorting trash.

Although the Sixth Circuit has not addressed claims related to the hazardous working conditions of inmates, other circuits have held that the Eighth Amendment is implicated when prisoners are forced to perform physical labor which is "beyond their strength, endangers their lives, or causes undue pain." *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983); *see also Middlebrook v. Tennessee*, No. 07-2373, 2008 U.S. Dist. LEXIS 37680, at *33 (W.D. Tenn. 2008) (citing *Morgan v. Morgenson*, 465 F.3d 1041, 1045 (9th Cir. 2006)).

---

[2] In so holding, the Court again notes that in its December 8, 2015, Memorandum Opinion and Order, it allowed Plaintiff's claim for deliberate indifference to a serious medical need to proceed against Defendant James in his individual capacity.

The Court will allow Plaintiff's "hazardous working conditions" claim against Defendant Butler to go forward at this time.[3] However, the Court will dismiss Plaintiff's "hazardous working conditions" claim against Defendant Lewis because Plaintiff has not alleged that Defendant Lewis actually knew of and disregarded such conditions. *Copeland v. Machulis*, 57 F.3d 476, 481(6th Cir. 1995) (personal involvement by the defendant is an essential element in a §1983 cause of action asserting a constitutional deprivation); *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n. 3 (6th Cir. 2005).

## V. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's § 1983 individual-capacity claim against Defendant Lewis for deliberate indifference to safety (hazardous working conditions) be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

---

[3] The Court also notes that in its December 8, 2015, Memorandum Opinion and Order, it allowed Plaintiff's claims for deliberate indifference to safety (hazardous working conditions) to proceed against Defendants Blue and James in their individual capacities.

**IT IS FURTHER ORDERED** that Plaintiff's § 1983 individual-capacity claims against Defendants Butler, Harless, Hopper, Coy, Lewis, and "Nurse Jodi" for deliberate indifference to a serious medical need and Plaintiff's § 1983 claim against Defendant Butler for deliberate indifference to safety (hazardous working conditions) shall continue beyond initial review. In permitting these claims to proceed, the Court passes no judgment on their merit or the ultimate outcome of the action.

Date: April 4, 2016

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:  Plaintiff, *pro se*
 Defendants
 Hopkins County Attorney
 Madisonville City Attorney
4414.011