UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**BENNETT LEE RAYBURN**  **PLAINTIFF**

v.  CIVIL ACTION NO. 4:15-CV-P91-JHM

**JOE BLUE (JAILER)** *et al.*  **DEFENDANTS**

### MEMORANDUM OPINION

This is a *pro se* civil rights action brought by convicted prisoner Bennett Lee Rayburn pursuant to 42 U.S.C. § 1983.

On September 23, 2016, Defendants Jodi Blake and Robert James filed separate motions for summary judgment (DNs 33 & 34). On September 26, 2016, the six "Hopkins County" Defendants filed their motion for summary judgment (DN 35). On November 10, 2016, this Court entered an Order permitting Plaintiff to file a response to these motions for summary judgment even though the time for such had expired (DN 36). On November 28, 2016, this Order was returned to the Court in an envelope marked "Return to Sender, Refused, Unable to Forward" (DN 37).

Upon filing the instant action, Plaintiff assumed the responsibility of keeping this Court advised of his current address and to actively litigate his claims. *See* LR 5.2(e) ("All *pro se* litigants must provide written notice of a change of residential address . . . to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

In addition, Rule 41(b) authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua*

*sponte* order of dismissal."). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case *sua sponte* for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

A review of the docket sheet reveals that over a month has passed without Plaintiff providing any notice of an address change or filing any other document with the Court. Consequently, neither orders from this Court nor filings by Defendants can be served on him. Thus, because Plaintiff has failed to comply with this Court's Local Rules by failing to provide his current address, the Court concludes that Plaintiff has abandoned any interest in prosecuting this case and that dismissal is warranted. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address."); *Hananiah v. Shelby Cty. Gov't*, No. 12-3074-JDT-TMP, 2015 WL 52089, at *3 (W.D. Tenn. Jan. 2, 2015) ("Without such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.").

The Court will dismiss the action by separate Order.

Date:

cc:    Plaintiff, *pro se*
        Counsel of Record
4414.011